

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/19

THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**OMAR J. SIDDIQI**
*Senior Counsel*
Phone: (212) 356-2345
Fax: (212) 356-3509
osiddiqi@law.nyc.gov

November 22, 2019

**VIA ECF**
Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Eslam Hassan v. Captain Agard, et al., 19-CV-5764 (VEC) (DCF)

Your Honor:

        I am the attorney in the Office of the Corporation Counsel of the City of New York, assigned to the defense of the above matter. This Office writes to respond to the Court's Order dated November 4, 2019 and to respectfully request a thirty (30) day enlargement of time, from November 22, 2019 to December 23, 2019, to respond to the Court's August 5, 2019 Valentin Order. This Office apologizes for the belatedness of this request. This is the first such request in this matter. This Office was unable to obtain consent from plaintiff, who appears in this matter pro se, as he is presently incarcerated and cannot be reached expeditiously. The foregoing request will not affect any other scheduled dates in this matter.

        By way of background, plaintiff filed the Complaint on June 19, 2019, alleging that on May 5, 2019 and June 23, 2019, his constitutional rights were violated while he was in the holding cells of the Manhattan Criminal Court.[1] See Dkt. No. 2. On August 5, 2019, the Court ordered the Office of the Corporation Counsel to waive service on behalf of the City of New York as well as on behalf of the individuals identified in plaintiff's Complaint as Correction Officer "Daniels" and Correction Captain "Agard," on or before October 4, 2019. See Dkt. No. 13. The City of New York waived service on November 22, 2019. See Dkt. No. 22. The Court ordered that in the event this Office was unable to identify the aforementioned individuals, this Office was to ascertain the full names, badge numbers, and service addresses of these individuals and provide this information to plaintiff and the Court on or before October 4, 2019. See id. Further, the Court ordered this Office to ascertain the identities and service addresses for (1) the six correction officers who on May 5, 2016, allegedly assaulted plaintiff along with Correction

---

[1] By August 5, 2019 Order, the Court dismissed plaintiff's claims against Warden and Superintendent John and Jane Doe and all Commissioners and Supervisors John and Jane Doe. See Dkt. No. 13.

Captain "Agard;" (2) the security officer who allegedly took photos of plaintiff after the May 5, 2016 alleged assault; (3) the correction officer who allegedly assaulted plaintiff with Correction Officer "Daniels" on June 23, 2016; and (4) the captain who allegedly handcuffed plaintiff while he was being assaulted on June 23, 2016.  See id.

To date, the Department of Correction ("DOC") has been unable to identify the individuals identified by plaintiff as Correction Officer "Daniels" and Correction Captain "Agard," or any of the John or Jane Doe defendants[2].  After conducting a search of its records, DOC has determined that it does not have any record of any incidents involving plaintiff on May 5, 2019 and June 23, 2019.  Therefore, additional time is needed to attempt to identify the individuals plaintiff names as Correction Officer "Daniels" and Correction Captain "Agard" using the information provided by plaintiff in the Complaint – such as the date, time, and location of the incident.  DOC requires additional time to search its records of the Officers and Captains who were on duty at the date and time specified by plaintiff in his Complaint to determine whether any match this description.

In an effort to gather more information about the remaining John and Jane Doe defendants, on August 28, 2019, defendant City served plaintiff, who is presently incarcerated, with Identification Interrogatories, which request that he provide, within thirty (30) days, a description of (1) the six correction officers who on May 5, 2016, allegedly assaulted plaintiff along with Correction Captain "Agard;" (2) the security officer who allegedly took photos of plaintiff after the May 5, 2016 alleged assault; (3) the correction officer who allegedly assaulted plaintiff with Correction Officer "Daniels" on June 23, 2016; and (4) the captain who allegedly handcuffed plaintiff while he was being assaulted on June 23, 2016.  This information will assist the City in determining whether these defendants are able to be identified and, if so, to provide their names and service addresses in compliance with the Court's Valentin Order.  Again, there being no record of any incident involving plaintiff on May 5, 2019 and June 23, 2019, this Office has been unable to ascertain the identities of the named defendants as of this writing.

As of the date of this writing, this Office has not received any response from plaintiff to their Identification Interrogatories that were served on August 28, 2019.  On November 22, 2019, defendant City served plaintiff with another set of Identification Interrogatories requesting that he provide, within thirty (30) days, a description of (1) the six correction officers who on May 5, 2016, allegedly assaulted plaintiff along with Correction Captain "Agard;" (2) the security officer who allegedly took photos of plaintiff after the May 5, 2016 alleged assault; (3) the correction officer who allegedly assaulted plaintiff with Correction Officer "Daniels" on June 23, 2016; and (4) the captain who allegedly handcuffed plaintiff while he was being assaulted on June 23, 2016.

---

[2] On August 28, 2019, DOC declined to waive service of the Summons and Complaint on behalf of Correction Captain "Agard" and Correction Officer "Daniels."  See Dkt. No. 16.

Accordingly, this Office respectfully requests a thirty (30) day enlargement of time, from November 22, 2019 to December 23, 2019, to respond to the Court's August 5, 2019 <u>Valentin</u> Order.

Thank you for your consideration herein.

Respectfully submitted,

S/ *Omar J. Siddiqi*
Omar J. Siddiqi[3]
*Senior Counsel*
*Special Federal Litigation Division*

**BY FIRST-CLASS MAIL**
To:    Eslam Hassan
       *Plaintiff Pro Se*
       Marcy Correctional Facility
       9000 Old River Road
       P.O. Box 3600
       Marcy, New York 13403

*The City may have until December 10, 2019 to respond to the Valentin Order. The court expects both Mr. Perez and Mr. Siddiqi to be present for the telephone conference on December 11.*

**SO ORDERED:**    DATE: 11/25/19

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

*(This resolves Dkt. 23)*

---

[3] This case has been assigned to Assistant Corporation Counsel Stefano Pérez, who is presently awaiting admission to the Southern District of New York and is handling this matter under supervision. Mr. Pérez may be reached directly at 212-356-2381, or by email at sperez@law.nyc.gov.